POOCHIGIAN, Acting P. J.,
Concurring.—I concur to express my view concerning the significance of certain facts underlying the conviction below.
The majority opinion cites several cases whereby motor vehicles were deemed dangerous weapons as a result of demonstrably intentional and threatening conduct calculated to place others at risk of injury or with reckless disregard for such peril. Clearly, assault requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will likely and directly result in the application of physical force. In this case, the purpose of the use of the vehicle was arguably not to inflict injury but to provide a means of escape. Indeed, the court’s conclusion at the hearing on the petition for resentencing that the use of the vehicle was “incidental” was presumably based on that understanding. It seems clear that any determination regarding whether the vehicle was employed as a deadly weapon under such circumstances should take into account the element of speed.
The evidence indicated that the path of the vehicle’s movement involved a distance of roughly 50 feet. The passenger grabbed victim Sanchez’s left arm and pushed it down, which prevented him from pulling his arm out of the vehicle as it was in motion. As the vehicle was moving in reverse, Sanchez yelled, “Stop the vehicle” three times. While the defendant contended that the vehicle moved at the rate of one to three miles per hour during the episode, the victim stated that the vehicle was traveling about 20 miles per hour as he ran alongside. During the preliminary hearing, he had stated that at the time he pulled his arm free, the vehicle was moving at a speed of about 15 miles per hour and that the ordeal lasted one minute. Under the circumstances in which the victim’s arm was apparently held as he ran alongside the moving vehicle, the speed suggested by the victim’s testimony seems questionable.[1] Indeed, that fact may have affected the trial court’s conclusion that the victim was “dragged slightly”—in contrast to a coworker’s observation that Sanchez was “running for his life.”
Despite any misgivings about the accuracy of lay testimony regarding the speed of the vehicle, the coworker’s observation about the peril presented is certainly relevant in assessing whether the vehicle was operated as a deadly *830 weapon. It is also instructive that the jury found appellant guilty of assault with force likely to produce great bodily injury. When coupled with testimony that the passenger held onto Sanchez’s extended arm while the vehicle was in motion, that Sanchez yelled for the driver to stop, that he presumably struggled to be released from the passenger’s hold, and that he was finally able to free himself when Perez put the vehicle in drive after moving in reverse, I am satisfied with the conclusion that the vehicle was employed as a deadly weapon—thus rendering the defendant ineligible for resentencing.

 It is noteworthy that the winner of the 100-meter sprint in the 2016 Olympic Games won with a time of 9.81 seconds—a rate of 22.8 miles per hour.